UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CYRIL JOSEPH CURTIS, ET AL**  **CIVIL ACTION**

**VERSUS**  **NO. 11-683**

**STATE FARM MUTUAL AUTOMOBILE**  **SECTION "C" (2)**
**INSURANCE COMPANY, ET AL**

**ORDER AND REASONS**[1]

This removed matter comes before the Court on the issue whether the jurisdictional amount and diversity existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

**I. Background**

Plaintiff Cyril J. Curtis ("Cyril") purchased a 2005 Hummer H2 Sport Utility Truck ("the vehicle") in February 2007, and Defendant State Farm Mutual Automobile Insurance Company ("State Farm") issued an insurance policy on the vehicle. (Rec. Doc. 10 at 2). Defendant Rodney Cossé ("Cossé"), the State Farm Agent that sold the insurance policy to Cyril, listed both Cyril and his father, Plaintiff Joseph E. Curtis ("Joseph"), as named insureds and states that he mailed the declarations page of the policy to Joseph at his home address in May 2009. *Id*. at 2, 6. However, Cyril alleges that he did not intend for Cossé to list Joseph as a named insured under the insurance policy. (Rec. Doc. 14 at 4). Cyril, Joseph, and Cossé are Louisiana residents, and State Farm is incorporated and has its principal place of business in Illinois. (Rec. Doc. 10 at 2).

---

[1] Scott Reid, a second year law student at Tulane University Law School, contributed significantly to the research and preparation of this decision.

1

Plaintiffs allege that on December 19, 2009, Cyril's vehicle was stolen in New Orleans, Louisiana, and found burned the next day, December 20, 2009. *Id*. Seven days after the alleged theft, Cyril filed a total loss claim for the vehicle with State Farm. *Id*. On May 17, 2010, as a part of its investigation of the claim, State Farm attorneys obtained Examinations Under Oath from Cyril and Joseph. (Rec. Doc. 14 at 6). State Farm denied the total loss claim on August 4, 2010. *Id*. at 5. Plaintiffs filed suit against Defendants in the Civil District Court for the Parish of New Orleans on December 20, 2010. (Rec. Doc. 10 at 3).

State Farm timely removed this lawsuit to the United States District Court for the Eastern District of Louisiana on March 29, 2011. *Id*. On March 30, 2011, this Court ordered that the parties "file memoranda directed to the issue whether diversity exists and whether the jurisdictional minimum existed at the time of removal." (Rec. Doc. 7). Defendants filed their memorandum supporting subject matter jurisdiction on April 30, 2011. (Rec. Doc. 10 at 11). Plaintiffs filed their memorandum opposing subject matter jurisdiction on May 2, 2011. (Rec. Doc. 14 at 24).

In its memorandum in support of subject matter jurisdiction, State Farm asserts that complete diversity among the parties exists in this case because Plaintiffs improperly joined non-diverse Defendant Cossé to the present litigation. (Rec. Doc. 10 at 5). State Farm presents two separate arguments in support of its fraudulent joinder claim. First, State Farm argues that under Louisiana Revised Statute 9:5606, Plaintiffs' claims against Cossé are perempted because the statute's prescribed one-year peremptive period had run before Plaintiffs filed their claims against Cossé. *Id*. at 6. State Farm states that Cossé mailed the vehicle's insurance policy declarations page to Joseph's home address in May 2009, more than a year prior to the Plaintiffs' December 20, 2010 filing of the present lawsuit. *Id*. Furthermore, State Farm alleges that the mailing of the declarations

2

page of the insurance policy put Joseph on notice that he was a named insured to the policy and therefore initiated the running of the peremptive period. *Id*. Second, State Farm alleges that Joseph's claims against Defendants are a fraudulent joinder under the law of the United States Court of Appeals for the Fifth Circuit because Plaintiffs do not raise a cause of action against Cossé that is recoverable under Louisiana law. *Id*. at 5, 7.

Plaintiffs argue in their memorandum in opposition to subject matter jurisdiction that Cossé is not improperly joined to the present litigation. (Rec. Doc. 14 at 2). First, Plaintiffs argue that their claims against Cossé are not perempted under Louisiana Revised Statute 9:5606. *Id*. at 17. Plaintiffs allege that Joseph learned that he was listed as a named insured on the vehicle's insurance policy when State Farm sought to review his finances during its investigation – less than a year prior to the initiation of the present litigation. *Id*. at 7, 18. Second, Plaintiffs allege that Cossé negligently listed Joseph as an insured on Cyril's vehicle, and that this act caused Joseph to be included in the investigation that inflicted emotional distress. *Id*. at 4-5. Plaintiffs state that Joseph is the Assistant Manager in the Operations and Technology Department at Whitney Bank. *Id*. at 4. Plaintiffs also state that Joseph holds a personal bank account at Whitney Bank. *Id*. 11-12. As part of State Farm's investigation, it requested Joseph's bank records from Whitney Bank. *Id*. at 12. Plaintiffs allege that the paperwork submitted by State Farm to Whitney Bank with its request suggested that Joseph or Cyril was suspected to have been involved in a fraudulent theft claim. *Id*. Joseph claims that his knowledge of the potentially negative effects that such an accusation could have upon his career caused him to suffer emotional distress. *Id*. at 5. Joseph attributes this emotional distress to Cossé's alleged negligence. *Id*. at 4-5.

## II. Legal Requirements for Diversity and Analysis

Federal district courts hold original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332 (2005). Furthermore, for the purposes of determining the presence of complete diversity, a corporation is deemed a citizen of the state in which it is incorporated. *Id.* However, in instances of improper joinder of non-diverse defendants, courts must ignore improperly joined defendants for the purposes of determining diversity jurisdiction. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995).

Under the law of the United States Court of Appeals for the Fifth Circuit, a removing party can establish that a non-diverse defendant is improperly joined "either by showing that (1) there has been outright fraud in the plaintiff's recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden*, 60 F.3d at 217. In improper joinder cases based upon an alleged absence of a cause of action, the court assumes that the plaintiff's facts are true, and the removing party has the burden of proving that, even with those facts, the plaintiff has no reasonable basis to anticipate satisfying the elements of the alleged cause of action. *Id.* While the burden faced by the removing party is heavy, the removing party can satisfy this burden by establishing that the possibility of liability against the in-state defendant is "merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2000). If the removing party meets its burden of proving that the plaintiff lacks a reasonable expectation of satisfying the elements of a cause of action, then the plaintiff improperly joined the defendant to that cause of action, and the court must ignore that defendant when evaluating the diversity of parties. *Burden*, 60 F.3d at 218.

## A. Diversity

In this case, complete diversity of the parties does not exist in Plaintiffs' pleadings.  (Rec. Doc. 14 at 1).  Cyril and Joseph Curtis are citizens of Louisiana, and although State Farm is incorporated in Illinois and therefore a citizen of Illinois, Cossé is a citizen of Louisiana.  (Rec. Doc. 10 at 2).  Thus, complete diversity in this case can exist only if Defendants succeed in removing Cossé from consideration for diversity via their improper joinder claim.

## B. Improper Joinder

State Farm argues that this Court has subject matter jurisdiction over the present action because Plaintiffs improperly joined Cossé to the litigation.  (Rec. Doc. 10 at 5).  It does not allege that Plaintiffs knowingly made fraudulent statements in their recitation of facts; rather, its arguments focus exclusively on the second prong of the applicable fraudulent joinder test, namely, whether Plaintiffs' claims against Cossé are recoverable under Louisiana law.  *Id*.  Because State Farm's improper joinder arguments fail, this Court lacks subject matter jurisdiction over the present litigation.

### *1. Peremption*

Defendants' memorandum in support of subject matter jurisdiction does not provide sufficient factual support that the claims against Cossé have been barred by the expiration of the peremptive period.  Louisiana law requires a plaintiff to file a cause of action against an insurance agent within "one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered."  La. Rev. Stat. Ann. § 9:5606 (2011).  Motions for peremption require specific information regarding dates of the

defendant's allegedly negligent actions and the plaintiff's discovery of the plaintiff's negligence. *See Belmont Commons v. Axis Surplus Ins. Co.*, 569 F. Supp. 2d 637, 638, 642 (E.D. La. 2008) (reviewing over thirty exhibits that were mostly communications between the parties); *White v. Allstate Ins. Co.*, 513 F. Supp. 2d 674, 682-83 (E.D. La. 2007) (declining to find improper joinder under the defendant's peremption claim because the parties had provided insufficient factual support for the court to determine whether the plaintiffs ever obtained a copy of their insurance policy). Furthermore, in cases where the alleged source of notice is a letter, and the parties do not agree that the letter was received, the moving party can only establish a presumption that the letter reached its destination if the party provides proof that the letter was (1) properly directed; and (2) placed in a U.S. post office mail receptacle. *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Hagner v. United States*, 285 U.S. 427 (1932)).

     In this case, a question of fact that is relevant to determining the start of the peremptive period for Plaintiffs' claims against Cossé remains contested by the parties. On the one hand, State Farm alleges that Joseph discovered or should have discovered that he was a named insured on the vehicle's insurance policy in May 2009, when it claims that Cossé mailed the declarations page of the policy to Joseph's home. (Rec. Doc. 10 at 6). On the other hand, while Joseph does not deny receiving the letter, he claims that he did not discover that he was a named insured until after State Farm initiated its investigation the following year. (Rec. Doc. 14 at 7). State Farm faces the burden of proving that the peremptive period had run prior to Plaintiffs' initiation of the present litigation. *Burden*, 60 F.3d at 217. Because the parties have not explicitly agreed that Joseph received the letter containing the insurance policy's declarations page from Cossé in May 2009, State Farm must satisfy the two-pronged test outlined by the United States Court of Appeals for the Fifth Circuit in *Beck v.*

*Somerset Technologies, Inc.* before it can establish a presumption that Joseph received the letter. *Beck*, 882 F.2d at 996. However, State Farm's memorandum is silent on both elements of the *Beck* analysis. Accordingly, State Farm has failed to meet its burden for proving that Joseph received the letter with the declarations page for the insurance policy in May 2009. Furthermore, without unequivocal evidence that Joseph received the letter in May 2009, this Court has no occasion to determine whether the letter alone sufficed to notify Joseph of alleged negligence by Cossé. Therefore, the memoranda lack sufficient facts for this Court to rule on the alleged expiration of the peremptive period for Plaintiffs' claims against Cossé.

### *2. Cause of Action*

Defendants' memorandum in support of subject matter jurisdiction does not establish that Joseph lacks a cause of action against Cossé that is recoverable in Louisiana state court. Under Louisiana law, if a defendant's negligent conduct causes mental distress, but it does not inflict "physical injury, illness or other physical consequences," then the defendant is not typically liable for the mental distress. *Moresi v. State*, 567 So. 2d 1081, 1095 (La. 1990). However, contemporaneous physical injury is not always required for a plaintiff to successfully bring an emotional distress claim. *See id.* (discussing circumstances when Louisiana courts have previously not required concurrent physical injury); *Johnson v. First Nat. Bank of Shreveport*, 792 So. 2d 33, 50-51 (La. App. 3 Cir. 6/20/01) (reversing trial court's holding that plaintiff's claim of emotional anguish was without merit because it lacked a contemporaneous physical injury). In this case, Joseph has not claimed a contemporaneous physical injury that accompanies his alleged mental anguish. However, because Louisiana does not always require such a claim before a mental anguish cause of action can be recoverable under Louisiana law, assuming Joseph's facts to be true, Joseph has stated

a cause of action against Cossé that Louisiana courts have regarded to be recoverable. Accordingly, Defendants' claim that Cossé is improperly joined fails, and this Court lacks subject matter jurisdiction over the present action.

### III. Conclusion

For the reasons stated above, the Court finds no ground for federal jurisdiction over this dispute.

Accordingly,

IT IS ORDERED that the case is hereby REMANDED to the Civil District Court for the Parish of New Orleans.

New Orleans, Louisiana, this 16th day of June, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**